

United States Department of Justice

United States Attorney
Southern District of West Virginia

*Robert C. Byrd United States Courthouse*    *1-800-659-8726*
*300 Virginia Street, East*    *304-345-2200*
*Suite 4000*    *FAX: 304-347-5104*
*Charleston, WV 25301*

January 15, 2025

Honorable Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr., Courthouse
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

        Re:    *United States v. James Gould*
                <u>Appeal No. 24-4192</u>

Dear Ms. Anowi:

      Pursuant to Fed. R. App. P. 28(j), the United States furnishes to this Court the case of *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024).

      On December 18, 2024, a panel of this Court came out with a decision upholding the constitutionality of 18 U.S.C. § 922(g)(1). *See id*. Although *Hunt* was addressing the constitutionality of the prohibition of the possession of a firearm by a felon, the Court relied on the same rationale that the Government is relying on in Gould's case to uphold the prohibition of the possession of a firearm by the mentally ill.

      This Court's decision in *Hunt* laid out several rationales in upholding the constitutionality of Section 922(g)(1). Those rationales included: first, reliance on *Heller's* pronouncement that restrictions on firearms possession by those who have been convicted of felonies were "longstanding" and "presumptively lawful" and *Rahimi's* reiteration of *Heller's* pronouncement that "prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful,'" *Id.* at 704; and second, that legislatures had the ability to disarm categories of people to address a risk of dangerousness, finding "[l]egislatures historically prohibited possession by categories of persons based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed." *Id.* at 707. The panel in *Hunt* found no requirement for an individualized, felony-by-felony determination regarding the dangerousness of each person in a class when that class of people as a whole was found by Congress to present a risk of danger; it based this conclusion upon the historical tradition of disarmament of entire groups of people based upon concerns about dangerousness. *Id.* Additionally, in *Hunt*, this Court did not limit the rationale to only a temporary disarmament.

      This Court's decision in *Hunt* supports the Government's argument in Gould's case that Section 922(g)(4) is facially constitutional based on the Supreme Court's repeated declaration as to the presumptive lawfulness of laws prohibiting the possession of a firearm by the mentally ill and the historical tradition of the legislature's ability to disarm particular people from possessing

a firearm based on a conclusion that the category as a whole presents an unacceptable risk of danger if armed.

      Accordingly, Gould's conviction should be affirmed.

      Sincerely,

WILLIAM S. THOMPSON
United States Attorney

<u>s/Gabriel C. Price</u>

GABRIEL C. PRICE
Assistant United States Attorney

cc: Lex A. Coleman, Esq. via ECF