### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT
### APPEAL NO. 24-4192

**UNITED STATES OF AMERICA,**
       **Appellee,**

**v.**                               **PETITION FOR**
                                     **PANEL REHEARING**

**JAMES GOULD,**
       **Appellant.**

### STATEMENT OF PURPOSE

The United States respectfully petitions under Federal Rule of Appellate Procedure 40 and this Court's Local Rule 40 for panel rehearing of James Gould's appeal of the denial of his motion to dismiss his indictment based on a facial challenge to the constitutionality of 18 U.S.C. § 922(g)(4). This Court affirmed the denial of Gould's motion and held that § 922(g)(4) remains facially constitutional following *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). As part of the opinion, this Court explained the procedural history of the case and noted that Gould pled guilty following the denial of his motion to dismiss. Doc. No. 40 at 3. In a footnote, this Court stated that Gould was able to pursue his appeal because "A guilty plea doesn't prevent a defendant from claiming on direct appeal that the statute of his conviction is unconstitutional. *Class v. United States*, 583 U.S. 174, 178, 138 S.Ct. 798, 200 L.Ed.2d 37 (2018)." Doc. No. 40 at 3 n.2.

The United States respectfully suggests that this footnote is overly broad in that it appears to address all constitutional challenges, both facial and as-applied. As both *Class* and this case only addressed facial constitutional challenges and the question as to whether as-applied challenges survive a guilty plea has not been directly resolved by the Supreme Court or this Circuit, the United States respectfully suggests that this Court grant panel rehearing for the limited purpose of revising Footnote 2 to clarify that it refers only to facial constitutional challenges. Such a revision would avoid any confusion as to the import of the footnote and ensure that the issue of whether an as-applied challenge is waived through a guilty plea is unambiguously left to be resolved in a case where the Court has the benefit of full briefing on the issue.

## DISCUSSION

Gould unquestionably had the authority to pursue an appeal of his facial challenge to 18 U.S.C. § 922(g)(4) pursuant to *Class*. The Supreme Court in *Class* found that a guilty plea does not bar a "challenge [to] the Government's power to criminalize [the defendant's] (admitted) conduct," which "call[s] into question the Government's power to constitutionally prosecute" a defendant at all. *Class*, 583 U.S. at 181-82. One important caveat of this holding was that such a claim could be "resolved without any need to

venture beyond" the indictment and the existing record and "'without contradicting those indictments.'" *Id.* at 181 (quoting *United States v. Broce*, 488 U.S. 563, 576 (1989)). *Class* only addressed cases where an indictment was unconstitutional on its face. An amendment to Footnote 2 of this Court's opinion to state that "A guilty plea doesn't prevent a defendant from claiming on direct appeal that the statute of his conviction is *facially* unconstitutional" would therefore correctly state the holding of *Class*.

Such an amendment would also avoid any future confusion as to whether this Court's statement regarding the holding in *Class* was intended to address as-applied challenges in addition to facial challenges. Since this case addressed only a facial constitutional challenge, any statement regarding as-applied challenges after a guilty plea should be regarded as dicta. However, the United States suggests that a minor amendment to the wording of the footnote could ensure that no confusion would arise in the future as to whether or not the footnote was a binding interpretation by this Court that *Class* applied to all constitutional challenges, whether facial or as-applied.

The question of whether as-applied constitutional challenges survive a guilty plea is presently an open one. As this Court recently reaffirmed in *United States v. Pittman*, "[a] criminal defendant who pleads guilty waives

3

any argument that the statute of conviction does not cover that defendant's conduct." 125 F.4th 527, 533 (4th Cir. 2025). And "[a] party who validly waives a right may not later invoke that right as a basis for reversing her conviction—not because there is some barrier to doing so, but rather because the right has ceased to exist." *Id.* at 532 (internal quotation marks omitted). Although this Court did not expressly decide in *Pittman* whether the defendant's "unconditional guilty plea also waived any as-applied constitutional challenges," *id.* at 531, this Court favorably cited the Eighth Circuit's decision in *United States v. Deng*, 104 F.4th 1052 (8th Cir. 2024), which held exactly that with respect to an as-applied challenge to 18 U.S.C. § 922(g)(3).

The Eighth Circuit's reasoning was based on well-established principles governing the rights that survive a guilty plea. *See Deng*, 104 F.4th at 1054. "[W]hen a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." *United States v. Lozano*, 962 F.3d 773, 778 (4th Cir. 2020) (quoting *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016)). In that context, "jurisdictional" refers to "the government's power to prosecute *in the first instance.*" *See id.* at 779 (emphasis in original). This is

4

why facial constitutional challenges survive the guilty plea. *See Menna v. New York*, 423 U.S. 61, 63 n.2 (1975) ("[A] plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State may not constitutionally prosecute."); *see also Class*, 583 U.S. at 178.

However, it does not follow that a defendant who pleads guilty may appeal the constitutionality of the statute of conviction as applied to him. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 570 (1989). When that substantive crime is facially constitutional, and thus does not hinder the government's power to bring the charge, a defendant's admission that he is guilty of that crime is fundamentally at odds with an assertion that he could not constitutionally be prosecuted under the statute. In that sense, an as-applied constitutional challenge is akin to any other "case-related constitutional defect[] that occurred prior to the entry of the guilty plea" and is waived by the plea. *See Class*, 583 U.S. at 181 (internal quotation marks omitted); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent

claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

For these reasons, the question as to whether an as-applied constitutional challenge survives an unconditional guilty plea is both complicated and undecided in this Circuit. The United States respectfully asks this Court to grant panel rehearing to allow the panel to consider the potential implications of the broad assertion in Footnote Two upon future litigation of the as-applied challenge question and amend the footnote to make clear that it refers solely to facial constitutional challenge.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:
s/Gabriel Price
GABRIEL C. PRICE
Assistant United States Attorney
WV State Bar No. 14671
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: gabe.price@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that service of the foregoing "Petition for Panel Rehearing" has been electronically filed, and service has been made on opposing counsel by virtue of such electronic filing on this 12th day of August, 2025, to:

> Jonathan Byrne, Esq.
> Lex Coleman, Esq.
> Federal Public Defender's Office
> 300 Virginia Street, East
> Room 3400
> Charleston, West Virginia 25301
> Telephone: 304-347-3350
> E-mail: jonathan_byrne@fd.org
>         lex_coleman@fd.org



> <u>s/Gabriel Price</u>
> GABRIEL C. PRICE
> Assistant United States Attorney
> WV State Bar No. 14671
> 300 Virginia Street, East
> Room 4000
> Charleston, WV  25301
> Telephone:  304-345-2200
> Fax: 304-347-5104
> Email: gabe.price@usdoj.gov